IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-2674

JASMINE HEALD
An individual,

    Plaintiff.

    v.

DISCOVER GOODWILL OF SOUTHERN & WESTERN COLORADO;
A Nonprofit Corporation.

GOODWILL INDUSTRIAL SERVICES CORPORATION;
A Nonprofit Corporation.

    Defendants

---

**COMPLAINT AND REQUEST FOR JURY TRIAL**

---

Jasmine Heald, by and through her attorneys, MaryBeth Schroeder of Spectrum Legal Group, LLP and Steven L. Murray of Murray Law, LLC, hereby asserts the following allegations and claims against the Defendants, Discover Goodwill of Southern & Western Colorado and Goodwill Industrial Services Corporation.

This is an employment discrimination and retaliation case arising from Goodwill's discriminatory treatment of Ms. Heald, based on sex and disability, and Goodwill's retaliation against Ms. Heald for engaging in lawfully protected activity.

This action assets violations of Title VII of the Civil Rights Act of 1964 [Title VII], *as amended*, 42 U.S.C. § 2000e, *et. seq.,* the Americans with Disabilities Act of 1990 and the

American with Disabilities Amendments Act of 2008 [ADA], *as amended*, 42 U.S.C. § 12101, *et. seq.*, and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 [FMLA], *et. seq.*

## I. PARTIES

1. Ms. Heald, a female, is a United States citizen and resident of the County of El Paso, State of Colorado.

2. At all times in issue, Ms. Heald resided and worked in the Judicial District of the Court.

3. Defendants Discover Goodwill of Southern & Western Colorado and Goodwill Industrial Services Corporation are Colorado non-profit corporations headquartered in Colorado Springs, Colorado. [Collectively referenced herein as "Goodwill"].

4. Ms. Heald was employed by Goodwill from on or about October 26, 2012 to on or about November 15, 2015.

5. Goodwill constructively discharged Ms. Heald from employment on or after November 15, 2015.

## II. JURISDICTION AND VENUE

6. Jurisdiction is asserted pursuant to Title VII, 42 U.S.C. § 2000e, 2000e-5 and 2000e-5(f)(1)(3), *as amended,* the Civil Rights Act of 1991, 42 U.S.C. § 1981a(a)(1), (b)(1)-(4), (c), (d)(1)(2); the ADA, 42 U.S.C. § 12117(a); and the FMLA, 29 U.S.C. § 22617(c)(1).

7. Ms. Heald, a female, is a member of a Title VII protected class.

8. At all times in issue, Ms. Heald was a qualified person with a disability, and a member of the ADA's protected class.

9. Ms. Heald engaged in protected activity under the FMLA, by taking FMLA leave. She is a member of the class protected from retaliation under the FMLA.

10. At all times in issue, Goodwill was an "employer" within the meaning of the Title VII, the ADA, and the FMLA.

11. Pursuant to 28 U.S.C. § 1391(b)(c), venue is proper in this Court because the events and claims arose in the city of Colorado Springs, County of El Paso, State of Colorado, and in the Judicial District of this Court.

### III. ADMINISTRATIVE PROCEDURES

12. Prior to filing this action, Ms. Heald timely, properly, and lawfully exhausted all required administrative prerequisites procedures and remedies.

13. On May 8, 2014, Ms. Heald filed a timely charge of discrimination and retaliation, in violation of Title VII and the ADA, with the Equal Employment Opportunity Commission [EEOC]. [Discrimination Charge No. 541-2014-01214].

14. On August 15, 2017, the EEOC issued a Notice of Right to Sue letter to Ms. Heald.

15. This civil action is timely and properly filed because it is filed within 90 days of the date of the Notice of Right to Sue letter.

### IV. GENERAL ALLEGATIONS

16. As of November 1, 2013, Ms. Heald was employed by Goodwill, serving as a Work Team Leader, performing custodial duties at Sijan Hall, located at the United States Air Force Academy, Colorado Springs, Colorado.

17. On or about November 11, 2013 and continuing, "Chris", a male coworker of Ms. Heald's, subjected Ms. Heald to repeated, sexual, offensive, and unwelcome conduct by: (a)

touching and rubbing Ms. Heald with his male sexual parts, during working hours at a breakroom at Sijan Hall; (b) standing closely behind her in the line to clock in/out of work, acting in an intimidating and threatening manner; (c) attempting to touch her in a sexual and unwelcome manner; and (d) making sexual gestures to her, including but not limited to exposing himself to Ms. Heald. ["Sexual Misconduct"].

18. Beginning in November 2013 and continuing through April 2014, Ms. Heald repeatedly and promptly reported the offensive Sexual Misconduct to several Goodwill supervisors and managers, including but not limited to, (a) Joe Torres, her supervisor; (b) Ceaser Achoa, Project Manager; (c) Kathy Woods, Director of Human Resources; (d) Judy Valentine, Senior Contracts Director; (e) Phyllis Rivera-Reese, Chris' work leader; (f) Vera Glass, Assistant Director of Custodial Contracts; and (g) Rick Hawk, Project Manager.

19. Despite Ms. Heald repeatedly reporting the Sexual Misconduct to Goodwill, Goodwill and Chris continued subjecting Ms. Heald to the repeated, offensive, unwelcome Sexual Misconduct.

20. Ms. Heald repeatedly requested Goodwill to correct the problems created by the Sexual Misconduct, Goodwill did not take any action to: (a) protect Ms. Heald from the Sexual Misconduct; (b) remove Chris from working near Ms. Heald; and/or (c) correct and remedy the problems created for Ms. Heald by the Sexual Misconduct.

21. In November 2013, Ms. Heald requested Goodwill to provide her with reasonable accommodations to her disabilities.[1]

---

[1] The specific accommodations requested by Ms. Heald in November 2013, are set forth in Plaintiff's Fourth Claim.

22. Goodwill denied each of Ms. Heald's accommodation requests, which she made in November 2013, or provided at a bare minimum and/or sporadically.

23. Following Ms. Heald's complaints, reports, and requests concerning the Sexual Misconduct, Goodwill subjected Ms. Heald to continued discrimination, harassment, and retaliation, including but not limited to: (a) increased scrutiny of her work, medical, and academic appointments; (b) adverse and demeaning statements by Goodwill supervisors and managers; (c) adverse treatment compared to other similarly situated employees; (d) the continuation of a hostile work environment; and (e) a constructive discharge from employment.

24. Ms. Heald's FMLA leave began on or about March 19, 2014.

25. On or about March 21, 2014, Ms. Heald reported the Sexual Misconduct to the Security Police at the Air Force Academy. Thereafter, Ms. Heald's charge was processed through the El Paso Sheriff's Office.

26. Ms. Heald's FMLA leave ended on or about May 26, 2014.

27. Goodwill demoted Ms. Heald to a janitor position on the Basewide Contract.

28. On or about August 4, 2014, Ms. Heald began working on the Basewide Contract.

29. Ms. Heald's duties in the janitor position on the Basewide Contract involved working throughout the Academy, in contrast to her Work Team Leader position where she worked in a single dormitory.

30. Goodwill refused Ms. Heald's request to work in the dormitories when there was a shortage of workers assigned to the dormitories.

31. In the period of August-December 2014, Ms. Heald experienced unwelcome, offensive, touching, by Joey, a male coworker. On several occasions, Ms. Heald complained of Joey's Misconduct to Goodwill supervisors.

32. On February 10, 2015, Ms. Heald and her medical provider requested Goodwill to provide Ms. Heald with reasonable accommodations to her disabilities.[2]

33. Goodwill did not grant the accommodations requested by Ms. Heald on or about February 10, 2015.

34. On or about April 30, 2015, Goodwill reassigned Ms. Heald to the Goodwill Business Office in Colorado Springs, Colorado. Ms. Heald's duties included document imaging, scanning, filing, and administrative support duties.

35. On or about November 15, 2015, Goodwill constructively discharged Ms. Heald. While Ms. Heald was on leave, Goodwill refused to permit Ms. Heald to return to work, and thereby constructively discharged Ms. Heald from employment.

36. Goodwill informed Ms. Heald that Goodwill did not have any work for her.

37. At the time of Ms. Heald's reassignment from her Work Leader position, and continuing until Ms. Heald's last date of employment with Goodwill, Goodwill never filled her Work Leader position with another employee.

38. Goodwill's discriminatory and retaliatory practices were intentional and willful, done with malice, and/or with reckless disregard for the federally protected rights of Ms. Heald, secured by and under the laws of the United States, including Title VII, the ADA, and the FMLA.

---

[2] The specific accommodations requested by Ms. Heald in February 2015, are set forth in Plaintiff's Fourth Claim.

39. For all reasons set forth in this Complaint, Ms. Heald, as a direct and proximate result of Goodwill's intentional and willful violations of Title VII, the ADA, and the FMLA, has suffered and will continue to suffer in the future, damages, injuries, and losses. Such damages, injuries, and losses include severe emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other non-pecuniary losses, and the potential and/or actual loss of wages, earnings, income, diminution of earning capacity, actual and/or potential retirement benefits, loss of employment, future pecuniary losses, other damages to be determined at trial.

## FIRST CLAIM

### [Retaliation in Violation of Title VII]

40. Ms. Heald incorporates and restates all allegations previously asserted in this Complaint as though fully incorporated herein.

41. Ms. Heald asserts a claim of unlawful retaliation in violation of Title VII, 42 U.S.C. § 2000e-3(a).

42. Title VII prohibits Goodwill from unlawful retaliation and discrimination against Ms. Heald because she engaged in EEO activities protected by Title VII. 42 U.S.C. § 2000e-3(a).

43. Ms. Heald engaged in Title VII statutorily protected activities by: (a) opposing the offensive, unwelcome, sexual, and discriminatory Sexual Misconduct; (b) opposing Goodwill's discrimination and retaliation against her, following her initial reporting of the Sexual Misconduct; and (c) participating in protected conduct by complaining to Goodwill supervisors, managers, and Human Resource officials, concerning the continued Sexual Misconduct, Goodwill's refusal to stop the Sexual Misconduct, and Goodwill's refusal to protect her and remove Chris from her workstation.

44. At all times, Goodwill was fully aware of Ms. Heald's protected Title VII activities.

45. Goodwill engaged in an intentional, calculated, and purposeful campaign of unlawful retaliation against Ms. Heald. This intentional, unlawful retaliation was created, perpetrated, and/or tolerated by Goodwill's officials, managers, and employees.

46. Goodwill, contemporaneously with, and/or immediately after, Ms. Heald's repeated, protected activities, took actions against her that a reasonable employee would have found materially adverse.

47. Goodwill retaliated against Ms. Heald by subjecting her to a series of intentional, cumulative, and increasingly severe, materially adverse, and discriminatory actions, including but not limited to: (a) allowing Ms. Heald to be subjected to the Sexual Misconduct; (b) refusing to remedy and correct the Sexual Misconduct; (c) permitting the Sexual Misconduct to continue against Ms. Heald, despite her repeated reports, complaints, and requests for Goodwill to remedy the problem; (d) refusing to remove Chris from Ms. Heald's workstation; (e) demoting Ms. Heald from her position as Work Team Leader to a position with fewer and less desirable duties and responsibilities; (f) permitting Goodwill's supervisors and managers to make unwarranted and hostile comments to Ms. Heald; (g) refusing to provide Ms. Heald with requested accommodations; (h) increasing its scrutiny of Ms. Heald's performance, conduct, medical and academic appointments; (i) creating and perpetuating a retaliatory hostile work environment; and (j) constructively discharging Ms. Heald from employment.

48. A causal connection exists between Ms. Heald's protected activities and the unlawful materially adverse employment actions taken by the Goodwill against Ms. Heald.

49. Goodwill's treatment of Ms. Heald, considered in its totality and in a cumulative manner, as set forth in the above paragraphs of this claim and Complaint, constitutes unlawful, direct, intentional, materially adverse, retaliatory and discriminatory actions prohibited by Title VII.

50. Goodwill's materially adverse treatment of Ms. Heald constitutes: (a) unlawful intentional retaliation and discrimination in violation of 2000e-3(a); and (b) intentional, unlawful discriminatory practices in violation of 42 U.S.C. § 1981a(a)(1), (b)(2)(3), (d)(1)(2).

## SECOND CLAIM

### [Sexual Harassment/Hostile Work Environment in Violation of Title VII]

51. Ms. Heald incorporates and restates all allegations previously asserted in this Complaint as though fully incorporated herein.

52. Title VII prohibits sexual discrimination and harassment in the form of a hostile work environment, based on sex. 42 U.S.C. §§ 2000e-2(a)(1).

53. Goodwill, in consideration of all the facts, in a cumulative manner, intentionally created, tolerated, and perpetuated a hostile and abusive work environment, based upon sex, against Ms. Heald.

54. The Sexual Misconduct by Chris, and Goodwill's conduct and actions against Ms. Heald were unwelcome. Ms. Heald did not solicit or encourage the Sexual Misconduct.

55. The Sexual Misconduct and Goodwill's conduct, subjected Ms. Heald to materially adverse conduct which was: (a) offensive; (b) abusive; (c) sufficiently severe and adverse to harm Ms. Heald's emotional and/or physical condition: state; and (d) sexual in nature, and/or specifically and solely directed at Ms. Heald, because of her gender, a Title VII protected class.

56. The Sexual Misconduct and Goodwill's conduct was sufficiently severe and/or pervasive as to adversely alter the terms, conditions, and privileges of Ms. Heald's employment and create an abusive working environment for Ms. Heald.

57. Goodwill supervisors and managers knew or should have known of all the materially adverse conduct in issue.

58. Goodwill failed to: (a) stop the materially adverse conduct in issue; and (b) implement reasonably prompt and appropriate corrective action.

59. Each successive episode of Goodwill's cumulative conduct against Ms. Heald, constituting the hostile work environment, had its predecessors, and the impact of the separate incidents accumulated such that the unlawful work environment created, exceeded the sum of any individual episode.

60. Goodwill's treatment of Ms. Heald constitutes: (a) an intentional, unlawful, hostile work environment, based on sex, in violation of 42 U.S.C. §§ 2000e-2(a)(1)(2); and (b) intentional, unlawful discriminatory practices in violation of 42 U.S.C. § 1981a(a)(1), (b)(2)(3), (d)(1)(2).

### THIRD CLAIM

**[Sex Discrimination in Violation of Title VII]**

61. Ms. Heald hereby incorporates and restates all allegations previously asserted in this Complaint as though fully incorporated herein.

62. Title VII prohibits the Defendant from discriminating against Ms. Heald: (a) with respect to her compensation, terms, conditions, or privileges of employment, because of her sex; and/or (b) by limiting, segregating, or classifying her in any way, which would deprive, or tend

to deprive her of employment opportunities, or otherwise adversely affect her status as an employee, because of her sex.

63. Ms. Heald, a female, is a member of a protected Title VII class.

64. Goodwill engaged in unlawful, direct, and intentional sexual discrimination against Ms. Heald because of her sex. 42 U.S.C. §§ 2000e-2(a)(1)(2).

65. As specifically described in the prior paragraphs of this Complaint, Goodwill discriminated against Ms. Heald with respect to her compensation, terms, conditions, and privileges of employment because of her sex.

66. As specifically described in the prior paragraphs of this Complaint, Goodwill discriminated against Ms. Heald by limiting, segregating, and classifying Ms. Heald in a manner which deprived or tended to deprive Ms. Heald of employment opportunities, and adversely affected her status as employee, because of her sex.

67. Goodwill intentionally subjected Ms. Heald to more adverse, discriminatory, hostile, and retaliatory practices, concerning the terms and conditions of her employment, than the way Goodwill treated male employees, concerning the terms and conditions of employment of their employment.

68. Goodwill's unlawful, intentional sex discrimination was created, perpetrated, and/or tolerated by Defendant's officials and managers, all having specific knowledge, or reason to know, of the discriminatory actions set forth herein.

69. Goodwill's treatment of Ms. Heald constitutes: (a) intentional, unlawful sexual discrimination, in violation of 42 U.S.C. §§ 2000e-2(a)(1)(2), and (b) intentional, unlawful discriminatory practices in violation of 42 U.S.C. § 1981a(a)(1), (b)(1)(2)(3)(D), and (d)(1)(2).

## FOURTH CLAIM

### [Failure to Accommodate in Violation of ADA]

70. Ms. Heald incorporates and restates all allegations previously asserted in this Complaint as though fully incorporated herein.

71. The ADA makes it unlawful to fail to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified employee with a disability. 42 U.S.C. § 12112(b)(5).

72. At all times material herein, Ms. Heald was a qualified person with a disability under the ADA.

73. Goodwill knew of Ms. Heald's disabilities.

74. Ms. Heald could have performed the essential functions of every job to which she was assigned by Goodwill, if she had had been provided with the accommodations she requested.

75. In November 2013, Ms. Heald requested Goodwill to provide the following reasonable accommodations: (a) moving Chris to a separate location from her; (b) stopping unequal treatment regarding medical appointments and; (c) allowing Ms. Heald to avoid situations where she was placed between male employees or touched by male employees.

76. Goodwill denied each of Ms. Heald's accommodation requests, which she made in November 2013, or provided at a bare minimum and/or sporadically.

77. On February 10, 2015, Ms. Heald and her medical provider submitted a general accommodation request to Goodwill, requesting Goodwill to allow "her to work in an atmosphere free of anxiety and a positive work experience not a hostile work environment."

78. The general request submitted on or about February 10, 2015, included the following specific requests: (a) no harassment of Ms. Heald for doctor's appointments; (b) no incidents of unacceptable behavior from other work leaders/supervisors/employees where Ms. Heald is forced into a situation that causes her significant anxiety because of her sitting between male employees or being touched by other male or female employees; (c) management (work leaders, supervisors, project managers) should act when Ms. Heald reports any incident which makes her uncomfortable or unsecure and she has told the person(s) "NO" or asked them to give her space or does not want to be touched or sit next to that person(s); (d) no "call outs", putting Ms. Heald on the spot or reprimanding her front of other Goodwill employees; and (e) work with Ms. Heald, if and when she might have a minor breakdown (crying or wanting to be left alone), due to other issues (depression), rather than sending her home, which could exacerbate the breakdown and cause a greater number of absences from work.

79. Goodwill did not grant the accommodations requested by Ms. Heald on or about February 10, 2015.

80. The specific accommodations requested by Ms. Heald were reasonable; and Goodwill failed to provide the specific accommodations requested, and unreasonably failed to provide any other accommodation. 42 U.S.C. § 12112(b)(5).

81. Goodwill's refusal to provide the reasonable accommodations in issue to Ms. Heald, constitutes an intentional and unlawful violation of the ADA.

## FIFTH CLAIM

### [Retaliation under the FMLA]

82. Ms. Heald incorporates and restates all allegations previously asserted in this Complaint as though fully incorporated herein.

83. The FMLA makes it unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by the FMLA.

84. The FMLA provides up to 12 weeks of job-protected, unpaid leave to any "eligible employee" who suffers from a serious medical condition.

85. Ms. Heald availed herself of a protected right under the FMLA.

86. Ms. Heald took FMLA leave from her job, from on or about March 19, 2014 to on or about May 26, 2014. This conduct constituted protected activity under the FMLA.

87. Goodwill approved Ms. Heald's use of FMLA leave.

88. Ms. Heald was qualified for and successfully took FMLA leave.

89. Goodwill took materially adverse actions against Ms. Heald, contemporaneously with, or after her use of FMLA leave.

90. Goodwill's materially adverse actions against Ms. Heald include: (a) demoting Ms. Heald from her Work Leader position; and (b) constructively discharging Ms. Heald from employment with Goodwill.

91. A causal connection exists between Ms. Heald's protected activity, her use of FMLA leave, and Goodwill's materially adverse actions against Ms. Heald.

92. Goodwill's materially adverse actions against Ms. Heald for protected FMLA action, were willful; Goodwill knew or showed reckless disregard as to whether its conduct violated the FMLA.

93. Goodwill's materially adverse treatment of Ms. Heald constitutes: (a) unlawful willful retaliation in violation of the FMLA.

## V.  REQUEST FOR RELIEF

WHEREFORE, Goodwill's unlawful conduct directly caused Ms. Heald to suffer injuries, damages, and losses;

FURTHER, Ms. Heald respectfully requests this Court to enter judgment in her favor and against Defendant Goodwill on the claims in issue and award the following relief under Title VII, the ADA, and the FMLA, and all applicable laws:

(a)  To enter a judgment in favor of Ms. Heald and against Goodwill, finding the acts of the Goodwill constitute unlawful intentional discrimination and retaliation in violation of the Title VII.

(b)  To enter a judgment in favor of Ms. Heald and against Goodwill, finding the acts of the Goodwill constitute unlawful intentional discrimination in violation of the ADA.

(c)  To enter a judgment in favor of Ms. Heald and against Goodwill, finding the acts of the Goodwill constitute a willful violation of the FMLA.

(d) To award Ms. Heald the remedies of damages for back pay, front pay, restored benefits, accommodations, actual monetary damages, loss of wages, salary, retirement contributions, all loss of income, and all loss of monetary damages to which she is entitled.

(e) To award Ms. Heald compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, future pecuniary losses, and other non-pecuniary losses, and all loss of compensatory damages to which she is entitled.

(f) To award Ms. Heald punitive and liquidated damages.

(g) To award Ms. Heald attorney fees and costs.

(h) To award Ms. Heald pre-judgment and post-judgment interest at the appropriate rate provided by law.

(i) To direct Goodwill to take such affirmative relief steps as are necessary to ensure that the effects of Goodwill's unlawful employment practices are eliminated and do not continue to affect Ms. Heald's employment opportunities; and

(j) Order Defendant Goodwill to reinstate Ms. Heald to employment.

(k) To award Ms. Heald front pay.

(l) To award Ms. Heald all other legal and equitable relief, to which Ms. Heald is entitled pursuant to any law, that this Court deems just, equitable, and proper.

## VI.  JURY TRIAL REQUEST

Pursuant to Fed.R.Civ.P. 38 (a)(b)(c), Title VII, the ADA, and the FMLA, and all applicable laws providing for a right to trial by jury, Ms. Heald requests a jury trial of all claims and issues.

Dated: November 8th, 2017.

Respectfully submitted this 8th day of November 2017

*s/MaryBeth Schroeder*
MaryBeth Schroeder
Spectrum Legal Group, LLP
1580 Lincoln Street, Suite 1200
Denver, Colorado  80203
Phone Number: 303-296-1400
Fax Number: 303-302-3088
mbschroeder@s-g-lawyers.com

*s/Steven L. Murray*
Steven L. Murray
Murray Law, LLC
1888 Sherman Street, Suite 200
Denver, CO 80203
Direct Telephone: 303-396-9952
Email: steven@smurraylaw.com

### CERTIFICATE OF SERVICE

  I hereby certify that on November 8th, 2017, I electronically filed the foregoing **COMPLAINT AND REQUEST FOR JURY TRIAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Steven L. Murray
Murray Law, LLC
1888 Sherman Street, Suite 200
Denver, CO 80203
Direct Telephone: 303-396-9952
Email: steven@smurraylaw.com

*s/MaryBeth Schroeder*_____
MaryBeth Schroeder
